IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

Case No:

GREAT AMERICAN INSURANCE
COMPANY
    Plaintiff,

v.

ORACLE ELEVATOR HOLDCO, INC.
F/K/A OEC HOLDING CORPORATION, a
Delaware Corporation, LAZARO MENDEZ,
and JOETTE MENDEZ

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, GREAT AMERICAN INSURANCE COMPANY ("Great American"), Plaintiff in the above-styled action, and shows this Honorable Court the following:

### PARTIES AND JURISDICTION

1.

At all times material hereto, Great American is and was an Ohio corporation with its principal place of business located in Cincinnati, Ohio.

2.

Oracle Elevator Holdco, Inc. f/k/a OEC Holding Corporation ("OEC") is a Delaware corporation with its principal place of business located in Tampa, Florida.

3.

At all times material hereto, LAZARO MENDEZ, and JOETTE MENDEZ, were married and residents of Broward County, Florida.

4.

There is a real, substantial, and justiciable controversy between the parties with respect to Great American's obligations with respect to insurance coverage for its insured, OEC consistent with its policy terms.

5.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Great American and the Defendants, and the matter in controversy exceeds the sum of $75,000.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to the insurance claim at issue occurred in this division; and this division has the greatest nexus with this cause of action.

**POLICIES AND CHOICE OF LAW**

7.

Everest issued Commercial Policy No. CF4GL00770161 ("Everest policy") to OEC Holding Corporation ("OEC") effective July 1, 2016 to July 1, 2017. The policy contains $1,000,000 per occurrence limits and $3,000.000 aggregate limits subject to the terms and conditions of the policy. A copy of the Everest policy is attached hereto as **Exhibit "A."**

8.

Great American issued Commercial Umbrella Liability Policy No. TUU 4-29-65-08-01 ("Great American policy") to OEC (or the "insured") with effective dates of July 1, 2016 to July 1, 2017. The policy contains $10,000,000.00 per occurrence limits and aggregate limits subject to the terms and conditions of the policy. A true and correct copy is attached hereto as **Exhibit "B."**

9.

Florida law applies to the interpretation of the insurance contracts issued by Great American and Everest as the policies concerned OEC, a Delaware Corporation with a principal place of business in the State of Florida. *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So.2d 1160 (Fla. 2006).

## UNDERLYING CLAIM AND LAWSUIT

10.

On February 6, 2017, Lazaro Mendez, allegedly fell while entering an unlevel and moving elevator cab in the commercial property located at 2741 N. 29th Avenue, Hollywood, Florida 33020 (the "property"), resulting in personal injuries.

11.

On March 28, 2018, Lazaro Mendez and his wife, Joette Mendez (hereinafter collectively the "underlying plaintiffs") filed suit against OEC styled: *Lazaro Mendez and Joette Mendez v. Oracle Elevator Company*[1], Case No. CACE-17-005967 (12) (hereinafter referred to as the "Underlying Lawsuit"). A true and correct copy of the operable Complaint is attached as **Exhibit "C."**

---

[1] Pursuant to the Florida Division of Corporations, a corporate merger on June 5, 2019 merged Oracle Elevator Company, a Florida Corporation, into Oracle Elevator Holdco, Inc. f/k/a OEC Holding Corporation.

12.

The Complaint alleges OEC failed to reasonably maintain the elevators; reasonably repair the elevators; reasonably upgrade the elevators; provide adequate and reasonable service to elevators at the property; and failed to warn Mr. Mendez and foreseeable users of the dangerous condition of the elevator.

13.

At the time of the events in the Underlying Lawsuit, the elevator at issue was being inspected, maintained, serviced, and controlled by OEC.

14.

On April 20, 2020, underlying plaintiffs issued a demand for $5,000,000.00 to OEC.

15.

On May 25, 2021, underlying plaintiffs issued a demand for $5,000,000.00 to OEC.

16.

In September 2021, underlying plaintiffs issued a demand of $500,000.00 to OEC.

17.

In October 2021, underlying plaintiffs issued a demand of $750,000.00 to OEC.

18.

On October 21, 2021, underlying plaintiffs issued a demand of $5,000,000.00 to OEC.

19.

On October 22, 2021, underlying defense counsel advised the insured the case value mid-point likely exceeded Everest's $1,000.000.00 policy limits.

20.

On November 15, 2021, underlying plaintiffs and OEC conducted mediation, in the absence of Great American.

21.

Following mediation, underlying plaintiffs made a time limit demand of $2,000,000.00 which expired on November 19, 2021.

22.

On November 18, 2021, over four and a half (4.5) years after the Underlying Lawsuit was filed, and just eleven (11) days prior to the scheduled start of trial, Great American was notified of the Underlying Lawsuit.

23.

On December 14, 2021, Great American sent correspondence notifying it of its reservation of rights to the insured to its address stated in the policy.

24.

On November 23, 2021, the Trial Court continued the jury trial until January 3, 2022.

25.

After an additional continuance the case went to trial in April 2022. On April 22, 2022, the jury returned a verdict for the underlying plaintiffs for a total of $7,710,000.00.

26.

On September 15, 2022, Great American denied coverage under the policy based on OEC's breach of the notice provision and the resulting prejudice to Great American.

27.

To date, Everest has not tendered its $1,000.000.00 policy limits to the underlying plaintiffs on behalf of OEC.

## POLICY PROVISIONS

28.

The Great American policy provides in relevant part, the following language regarding the insured's duty to notify:

> **VI. Conditions**
>    **F. Duties in the Event of An Occurrence, Claim Or Suit**
>
>> **1.** You must see to it that we are notified as soon as practicable of an "occurrence" which may result in a "claim" or "suit" under this policy. To the extent possible, notice will include:
>>> **a.** how, when and where the "occurrence" took place;
>>> **b.** the names and addresses of any injured persons and witnesses;
>>> **c.** the nature and location of any injury or damage arising out of the occurrence.
>>
>> **2.** If a "claim" or "suit" against any "Insured" is reasonably likely to involve this policy you must notify us in writing as soon as practicable.
>> **3.** You and any other involved "Insured" must:
>>> **a.** immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "claim" or "suit"; …
>>> **c.** cooperate with us in the investigation, settlement or defense of the "claim" or "suit"…

29.

The Great American policy identifies its relationship and obligations to the insured

as the excess layer of coverage, consistent with the Schedule of Underlying Insurance:

**J. Other Insurance**
If other insurance applies to a loss that is also covered by this policy, this policy will apply excess of the other insurance. Nothing herein will be construed to make this policy subject to the terms, conditions and limitations of such other insurance. However, this provision will not apply if the other insurance is specifically written to be excess of this policy.

30.

The Great American policy's Schedule of Underlying Insurance lists Everest as the underlying insurer for commercial general liability coverage.

31.

Great American's policy contains the following "limits of liability" language:

**E.** If the applicable Limits of Insurance of the policies listed in the Schedule of Underlying Insurance or of other insurance providing coverage to the "Insured" are reduced or *exhausted by actual payment* of one or more "claims," subject to the terms and conditions of this policy, we will:
> **1.** in the event of reduction, pay in excess of the reduced underlying Limits of Insurance, or;
> **2.** in the event of exhaustion, continue in force as "underlying insurance," but for no broader coverage than is available under this policy.

…
**G. Retained Limit**
We will be liable only for that portion of damages, subject to the Each Occurrence Limit stated in the Declarations, in excess of the "retained limit", which is the greater of:
> 1. the total amounts stated as the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance and the applicable limits of any other insurance providing coverage to the "Insured" during the Policy Period; or
> **2.** the amount stated in the Declarations as Self-Insured Retention as a result of any one "occurrence" not covered by the underlying policies listed in the Schedule of Underlying Insurance nor by any other insurance providing coverage to the "Insured" during the Policy Period;
> and then up to an amount not exceeding the Each Occurrence Limit as stated in the Declarations.

(Emphasis added.)

32.

Great American's policy further refers to the lack of obligation, upon the assumption of defense of a claim or lawsuit, to apply for or furnish any bond, rather, Great American's policy contemplates paying *premiums* on bonds upon the assumption of the defense as follows:

*When we assume the defense of any "claim" or "suit":*
**3.** We will pay the following as expenses, to the extent that they are not included in the coverage in the underlying policies listed in the Schedule of Underlying Insurance or in any other insurance providing coverage to the "Insured":
**a.** premiums on bonds to release attachments, which bond amounts will not exceed our Limits of Insurance, but *we are not obligated to apply for or furnish any such bond*;
**b.** premiums on appeal bonds, which bond amounts will not exceed our policy limits, required by law to appeal any "claim" or "suit" we defend, but *we are not obligated to apply for or furnish any such bond*

(Emphasis added.)

33.

The Everest policy provides it will issue supplementary payments as follows:

We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:
a. All expenses we incur.
b. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.
c. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.
d. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.
e. All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.
f. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

## NOTICE TO GREAT AMERICAN

34.

Despite numerous demands in excess of the Everest policy limits, Great American was not notified of the Underlying Litigation until November 18, 2021.

35.

OEC failed to provide timely notice of the Underlying Lawsuit and claim to Great American in violation of a condition precedent to coverage as stated in the Great American policy.

36.

OEC's failure to provide timely notice severely prejudiced Great American.

37.

Great American was prejudiced in its ability to reserve its rights, investigate, and resolve the Underlying Litigation due to the insured's late notice to Great American.

38.

As a result of OEC's failure to fulfill the condition precedent of providing timely and proper notice, there is no coverage for OEC under the Great American policy.

## NO OBLIGATION TO POST SUPERSEDEAS BOND UNDER GREAT AMERICAN'S POLICY

39.

To the extent they are not covered by an underlying policy, the Great American policy allows for the payment of certain named expenses when it assumes the defense of a suit or claim.

40.

The terms of the Great American policy provide that the duty to defend is triggered when the primary insurance policy is exhausted by actual payment of its limits.

41.

When Great American assumes the defense of a suit or claim, it is only obligated to furnish the premiums on appeal bonds required by law, and only up to the Great American policy limits.

42.

When Great American assumes the defense of a suit or claim, it is not obligated to furnish a supersedeas bond.

43.

At all times material hereto, Great American's duty to defend OEC was not triggered as Everest's policy has not been exhausted by actual payment.

## COUNT I
## REQUEST FOR DECLARATORY RELIEF

44.

Great American incorporates by reference Paragraphs 1 – 43 as if the same were fully set forth at length herein.

45.

Great American is in doubt as to its rights and obligations under the policy and seeks a declaration from this Court as to how to proceed, and requests this Court declare that there is no coverage under the Great American policy as it was prejudiced by the late notice of the Underlying Litigation; and that in connection with the loss(es) arising out of the Underlying Litigation, under the terms of the policy, Great American is not obligated to expend any sums on behalf of OEC nor is it required to post a supersedeas bond or the premium thereto.

46.

Pursuant to 28 U.S.C. § 2201, this Court has the power to declare the rights and obligations of Great American regarding the policy issued to OEC outlined herein.

47.

WHEREFORE, Plaintiff, Great American Insurance Company, respectfully requests this Honorable Court to declare and enter judgment as follows:

a.  That this Court has jurisdiction over the parties;

b.  That this Court has jurisdiction over the subject matter;

c.  That Great American was provided with late notice of the Underlying Litigation under the Great American policy;

d.  That Great American was prejudiced by OEC's late notice of the Underlying Litigation;

e.  That Great American's duty to defend OEC in the Underlying Litigation has not been triggered;

f.  That Great American is not required to post a supersedeas bond under the terms of the Great American policy;

g.  That Great American has no duty to defend or indemnify OEC in connection with the Underlying Litigation;

h.  That the positions of coverage are as stated heretofore in the Complaint for Declaratory Judgment; and

i.  That this Court award such further relief as may be deemed appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**.

This 26th day of October, 2022.

        Respectfully submitted,

        FREEMAN MATHIS & GARY, LLP
        *Attorneys for Plaintiff*

BY:    /S/CATHI M. CARSON-FREYMANN
        CATHI M. CARSON-FREYMANN
        Florida Bar No. 418986
        cathi.carson-freymann@fmglaw.com
        2502 N. Rocky Point Drive, Suite 860
        Tampa, Florida 33607
        O: (813) 364-2884