UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CV-61997-AHS

GREAT AMERICAN INSURANCE COMPANY,

    Plaintiff,

v.

ORACLE ELEVATOR HOLDCO, INC. and
EVEREST NATIONAL INSURANCE COMPANY,

    Defendants.
_____/

ORACLE ELEVATOR HOLDCO, INC. F/K/A OEC
HOLDING CORPORATION,

    Third-Party Plaintiff,

v.

EVEREST NATIONAL INSURANCE COMPANY,

    Third-Party Defendant.
_____

**ORDER SETTING TELEPHONIC HEARING ON DISCOVERY MOTIONS**

THIS CAUSE is before the Court upon: (i) Plaintiff Great American Insurance Company's ("Great American") Motion to Compel Production of Documents and Answers to Interrogatories from Defendant Everest National Insurance Company ("Everest") (ECF No. 94); (ii) Defendant/Cross-Plaintiff Oracle Elevator Holdco, Inc.'s ("Oracle") Motion to Compel Responses to Oracle's First Set of Requests for Production and First Set of Interrogatories against Everest[1] (ECF No. 100); and (iii) Oracle's Motion to Compel Responses to Oracle's First Set of Requests for Production and First Set of Interrogatories against Great American (ECF No. 101) (together,

---

[1] Oracle previously filed a Notice of Joinder (ECF No. 96) in Great American's motion to compel (ECF No. 94), before separately filing its own motion to compel against Everest. *See* (ECF No. 100).

the "Motions"). Based on the Court's discovery procedures, responses to Oracle's two motions to compel are due **Monday, January 29, 2024**. *See* http://www.flsd.uscourts.gov/content/judge-alicia-o-valle (outlining Judge Valle's expedited briefing schedule for discovery matters). No replies will be permitted.

United States District Judge Raag Singhal has referred this case to the undersigned for all discovery matters. *See* (ECF No. 80). Accordingly, a telephonic hearing on the Motions is scheduled for **Thursday, February 8, 2024, at 2 p.m.** in the Fort Lauderdale Division before United States Magistrate Judge Alicia O. Valle. Shortly before the hearing time, the parties shall call **(646) 828-7666** and, when prompted, enter Meeting ID **161 067 8281**, followed by passcode **1234**. The Court has reserved two hours for the hearing.

**Discovery Procedures:** The Federal Rules of Civil Procedure "allow for broad discovery, which does not need to be admissible at trial," *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008), and "strongly favor full discovery whenever possible," *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). *See* Fed. R. Civ. P. 26(b)(1). Additionally, the Court does not recognize generalized boilerplate objections. *See, e.g.*, *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("[J]udges in this District typically condemn boilerplate objections as legally inadequate or 'meaningless.'"); *Benfatto v. Wachovia Bank, N.A.*, No. 08-CV-60646, 2008 WL 4938418, at *2 (S.D. Fla. Nov. 19, 2008) ("[G]eneralized objections, which purport to object to each and every category of documents, are not recognized by this Court."). Boilerplate objections may also border on a frivolous response to discovery requests. *Steed v. Everhome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009).

To the extent that a responding party withholds requested documents or information claiming protection by the attorney-client or other privilege, the responding party must serve the requesting party with a privilege log. *See* Fed. R. Civ. P. 26(b)(5)(A); *see also NIACCF, Inc. v. Cold Stone Creamery, Inc.*, No. 12-CV-20756, 2014 WL 4545918, at *5 n.6 (S.D. Fla. Sept. 12,

2014) (citing *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5057844, at *9 (S.D. Fla. Oct. 18, 2012)) (discussing the requirements of a privilege log). Lastly, the Court enforces Rule 37 regarding the assessment of fees in relation to discovery motions. *See* Fed. R. Civ. P. 37(a)(5).

**Joint Status Report**: In advance of the hearing, the parties shall telephonically meet and confer in a good faith effort to resolve the issues in the Motions. By **Monday, February 5, 2024**, the parties shall file a Joint Status Report ("JSR") on each of the Motions. The JSRs **must** set forth the following information for the unresolved issues, including without limitation: (i) the verbatim discovery request; (ii) the verbatim discovery response; (iii) a brief summary of each party's position, with one issue per page; and (iv) the result of the parties' meet and confer. The JSRs are not intended to be a verbatim recitation of the parties' briefs. Rather, they are meant to summarize the issues in a comparative format (i.e., one column for movant and one column for opponent) to assist the Court in evaluating the disputed issues. This information must be presented in chart form as set forth in **Exhibit 1**. Moreover, if necessary, the parties may group the discovery requests by issue, as appropriate. The parties shall file and separately e-mail the Joint Status Reports, in Word format, to valle@flsd.uscourts.gov.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on January 26, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Raag Singhal
     All counsel of record

3

# JOINT STATUS REPORT

| Request No. [  ]:  [VERBATIM REQUEST]<br><br>Response:        [VERBATIM RESPONSE] | | |
|---|---|---|
| Movant's Position: | Opponent's Position: | [LEAVE BLANK FOR COURT USE] |

| Request No. [  ]:  [VERBATIM REQUEST]<br><br>Response:        [VERBATIM RESPONSE] | | |
|---|---|---|
| Movant's Position: | Opponent's Position: | [LEAVE BLANK FOR COURT USE] |

| Request No. [  ]:  [VERBATIM REQUEST]<br><br>Response:        [VERBATIM RESPONSE] | | |
|---|---|---|
| Movant's Position: | Opponent's Position | [LEAVE BLANK FOR COURT USE] |

EXHIBIT 1